HOYT, J.
This is an appeal from a judgment of conviction of a violation of section 510 of the Vehicle Code by driving an automobile upon a public street at 35 miles an hour in a prima facie 25-mile zone. The only evidence concerning appellant’s speed was obtained by use of a device known as an electromagnetic radar speed meter. This evidence was admitted over the defendant’s objection that it was inadmissible under sections 751 and 752 of the Vehicle Code.
The evidence shows that the speed meter was mounted on the trunk of a police car. The police car was parked at the street curb and was painted a distinctive color as prescribed by law. Both the police car and the speed meter were in full view of persons traveling along the street. The officer who determined appellant’s speed and the arresting officer were both in the regulation uniform of a traffic officer.
Three experts testified as to the electronic principles underlying the operation of this device. Their testimony was to the effect that basically it consists of an ultrahigh frequency radio transmitter and receiver operating on a frequency of 2445 megocycles, a visual speed indicator calibrated to show miles per hour, and a graphic recorder on which speed in miles per hour is recorded.
Electromagnetic waves traveling at the speed of light are beamed from the transmitter by means of a directional antenna. The crests of these waves are approximately 2.1 inches apart. When these waves hit a solid object they are reflected or bounced back to the receiver. The reflected waves travel at the same speed as the outgoing waves. If the object reflecting the waves back to the receiver is standing still, the same number of waves are received per second by the receiver as are transmitted per second by the transmitter. If the object reflecting the waves is moving away from the transmitter and receiver, each succeeding transmitted wave travels a slightly greater distance than the preceding wave, and each reflected wave travels the same increased distance, with *876 the result that the number of reflected waves returning to the receiver in any given time period is decreased in direct proportion to the speed with which the reflecting object is moving away from the transmitter and receiver. The device then electronically compares the transmitter frequency with the decreased frequency with which reflected waves return to the receiver, and from this comparison registers the speed with which the reflecting object is moving away from the transmitter and receiver on a visual dial calibrated in miles per hour.
Similarly, when the reflecting object is moving toward the transmitter and receiver, the distance traveled by each succeeding wave is reduced in direct proportion to the speed with which the reflecting object is moving toward the device, with the result that the number of reflected waves returning to the receiver in any given time period is increased in direct proportion to the speed with which the reflecting object is moving toward the transmitter and receiver. The device then electronically compares the transmitter frequency with this increased frequency with which reflected waves return to the receiver and determines from this comparison the speed with which the reflecting object is moving toward the transmitter and receiver, and registers that speed on the visual dial. The speeds obtained are likewise recorded upon the graphic recorder.
The device will work equally well whether the reflecting object is approaching or moving away from it. It is not necessary for the device to be stationary. If it is moving, the speed of its movement must be added to or subtracted from the speed of the reflecting object as registered on the speed indicator, depending upon whether the device is moving toward or away from the reflecting object.
The only contention made by appellant is that the radar device in question is a speed trap within the meaning of sections 751 and 752 of the Vehicle Code. This is a novel question so far as the appellate courts of this state are concerned.
Section 751, so far as pertinent, reads as follows:
“(b) A speed trap within the meaning of this chapter is a particular section of a highway measured as to distance and with boundaries marked, designated or otherwise determined in order that the speed of a vehicle may be calculated by securing the time it takes said vehicle to travel such known distance.
*877 “(o) No» evidence as to the speed of a vehicle upon a highway shall be admitted in any court upon the trial of any person for an alleged violation of Division IX of this code when such evidence is based upon or obtained from or by the maintenance or use of a speed trap.”
Section 752, so far as pertinent, provides: “(a) In any prosecution under Division 9 of this code upon a charge involving the speed of a vehicle every officer or other person shall be incompetent as a witness if the testimony of such officer or person is based upon or obtained from or by the maintenance or use of a speed trap.”
As defined in section 751 of the Vehicle Code a speed trap consists of four elements: (1) A particular section of a highway, (2) measured as to distance, (3) with boundaries marked, designated or otherwise determined, and (4) in order that the speed pf a vehicle may be calculated by securing the time it takes said vehicle to travel such known distance.
The evidence of the experts in this case shows that the radar device in question determines the speed with which an object is moving toward or away from the device through space. It makes no difference whether the object in question is moving upon the surface of the ground or in the air, and it makes no difference whether the object is moving vertically or horizontally, or at any angle between the vertical and the horizontal.
The determination of speed is made without reference to any particular section of a highway and, in fact, without reference to any highway at all. The distance measured by this radar device is the distance the reflecting object travels through space and not a measured distance on the highway. Highway boundaries, marked or otherwise determined, are not involved in the operation of this device.
Appellant contends that this radar device is a speed trap because it measures time and distance and actually measures the distance a vehicle travels on the highway. Every determination of speed through space or over the ground involves a determination of time and distance because speed equals distance divided by time. This argument could be applied with equal force to the speedometer in the traffic officer’s car when he pursues a speeder along the highway. It is too well established for argument that the officer’s speedometer in his automobile is not a speed trap, even though the speedometer is actuated by the movement of the tires of the car *878 along the particular portion of the highway which it is traveling, and incidentally measures the length of such portion.
For the reason that the electromagnetic radar speed meter here involved determines speed through space without reference to the highway, it would seem to be clear that it is not a speed trap within the meaning of section 751 of the Vehicle Code and the judgment of conviction must be affirmed.
Judgment affirmed.
Ledwich, J., concurred.